UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FRANCISCO ITZEP MATEO,
Petitioner,
v.
CHRISTOPHER LAROSE, et al.,
Respondents.

Case No.: 26-CV-4895 JLS (VET)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Petitioner Francisco Itzep Mateo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents' Return to Petition for a Writ of Habeas Corpus ("Ret.," ECF No. 6) and Petitioner's Traverse ("Traverse," ECF No. 7). Petitioner alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center. Pet. ¶ 21. Petitioner alleges that he arrived in the United States in September 2023 fleeing crime and violence in Guatemala. *Id.* ¶ 20. Petitioner was apprehended upon his arrival and was released on his own recognizance. *Id.* ¶¶ 20–22. Petitioner has lived in Florida with his wife and eight-year-old daughter without issue since. *Id.* ¶ 19. On June 29, 2026, Petitioner was driving to work and was stopped and detained by ICE agents. *Id.* ¶ 21. Petitioner

alleges that the summary revocation of his parole without notice or an opportunity to be heard violates the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 23–25.

Respondents state that Petitioner is subject to detention under 8 U.S.C. § 1226(a) and therefore "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." Ret. at 3. However, Respondents also "acknowledge that Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)." *Id.* at 2. Therefore, the Court finds that Petitioner is entitled to release. *See, e.g.*, *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1163–67, 1169 (S.D. Cal. 2025) (granting release under similar facts); *Tran v. LaRose*, No. 26-CV-2653 JLS (GC), 2026 WL 1303166, at *1–3 (S.D. Cal. May 12, 2026) (same); *Antonio v. LaRose*, No. 26-CV-2387-LL-MMP, 2026 WL 1215037, at *1–3 (S.D. Cal. May 4, 2026) (same).

Accordingly, the Court **GRANTS** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting parole. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of his release and a hearing before a neutral decision maker to determine whether detention is warranted. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. The Parties are **ORDERED** to file a Joint Status Report by September 10, 2026, confirming that Petitioner has been released. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: September 4, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge